# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS - SAN ANTONIO DIVISION

| | |
|---|---|
| USA § § **DETENTION ORDER PENDING TRIAL** | |
| vs. § Case Number: SA:11-CR-00675(1)-FB | |
| § | |
| (1) Rolando Muniz § | |
| *Defendant* | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is:

- ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in *_____
- ☐ a felony that was committed after the defendant had been convicted of two or more federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:
- ☐ *any* felony this is not a crime of violence but involves:
  - ☐ a minor victim
  - ☐ the possession or use of a firearm or destructive device or any other dangerous weapon
  - ☐ a failure to register under 18 U.S.C. § 2250.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense.
- ☒ for which a maximum term of imprisonment of ten years or more is prescribed in  21 USC 846, 841(a)((1), 841(b)(1)(A)
- ☐ under 18 U.S.C. § 924(c).

☒ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☐ (1) There is serious risk that the defendant will not appear.
☐ (2) There is serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☒ clear and convincing evidence ☒ a preponderance of the evidence that:

defendant's release presents a flight risk and danger to the community which no conditions of bond can reasonably address. Defendant is charged in a 3 count indictment with conspiracy to distribute and and aiding and abetting others to possess with intent to distribute cocaine. If convicted he faces 10 years to life in prison. Accordingly the statutory presumptions of flight and danger apply. The nature of the charge--distribution of large quantities of cocaine from 9/09 to 8/11--necessarily implicates danger to the community. Property seized from defendant's homes and business, as well as his father's home on 8/18 pursuant to search warrants, included guns and stolen weapons which individuals at those locations identified as defendants property. Additionally drug packaging materials were found in defendant's residence. Because of defendant's prior domestic violence conviction he is precluded from possessing weapons. Defendant is a documented member of the Texas Syndicate. His prior record includes assault, and 3 DWI convictions. Significantly defendant fled after the indictment was returned and I heard evidence that defendant contacted an individual in Mexico, who he had been observed meeting with in San Antonio earlier this year, by phone to discuss evading arrest. Defendant also told this CS that if he turned himself in and discovered that he faced significant prison time he would need help fleeing to Mexico. Given the presumptions and the specific evidence presented at the detention hearing I find that defendant has not rebutted the presumptions of flight and danger, and GRANT the motion to detain. Defendant is advised that he has the right to appeal this Order of Detention.

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility seperate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant mustl be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

| | |
|---|---|
| 31st day of August, 2011 | *[signature]* Nancy Stein Nowak |
| *Date* | NANCY STEIN NOWAK |
| | U.S. MAGISTRATE JUDGE |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**USA v. (1) Rolando Muniz**
**Case Number: SA:11-CR-00675(1)-FB**